# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MARSHALL, <br> Petitioner, <br> v. <br> CYNTHIA ENTZEL, Warden, <br> Respondent. | Case No. ED CV 17-01200 DOC (AFM) <br><br> **ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner is a federal inmate incarcerated at the Federal Correctional Institution Victorville II in Adelanto, California. On June 16, 2017, he filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody (28 U.S.C. § 2241).

Although petitioner initiated this action through a habeas petition, his claims are based on alleged civil rights violations triggered by delayed medical treatment for his heart disease. Petitioner specifically alleges that prison officials wrongfully closed his delayed-heart-treatment claim at the administrative level by fabricating his signature on a "Request for Administrative Remedy Withdrawal." As a result, petitioner cannot exhaust his administrative remedies before pursuing a civil rights action in federal court under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Petitioner requests that the Court

restore his administrative remedy process and otherwise order an investigation of this "widespread problem."

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) provides that the district court may apply this rule to "a habeas corpus petition not covered by" 28 U.S.C. § 2254, such as a habeas petition covered by 28 U.S.C. § 2241. *See Lane v. Feather*, 2013 WL 3280212, at *1 (D. Or. Jun. 27, 2013) ("Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases, this court elects to apply Rule 4 to this 28 U.S.C. 2241 action.").

The Petition is subject to summary dismissal under Rule 4 because petitioner's claims are not based in habeas corpus. Claims directed to the conditions of a petitioner's confinement may not properly be asserted in a habeas petition, or as part of a habeas petition. Rather, such claims must be asserted, if at all, in a separate civil rights action. *See Preiser v. Rodriguez*, 411 U.S. 475, 498-500 (1973); *see also Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011) ("[W]hen a prisoner's claim would not necessarily spell speedier release, that claim does not lie at the core of habeas corpus and may be brought, if at all, under § 1983."). Petitioner's claims are directed not to the legality or duration of his confinement, but only to the conditions of his confinement.

A federal court has discretion to construe a petitioner's habeas petition as a civil rights complaint. *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971) (per curiam), *superseded by statute on other grounds as recognized in Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *Hansen v. May*, 502 F.2d 728, 729-30 (9th Cir. 1974). The exercise of such discretion would be inappropriate here for the following reasons.

First, the Prison Litigation Reform Act of 1995 requires that all prisoners who file civil actions *in forma pauperis* eventually pay the full amount of the filing fee. *See* 28 U.S.C. §§ 1915(b). It is not evident that petitioner would wish to pay the full filing fee ($400), as he would eventually be required to do, in order to pursue a civil rights action. *See Robinson v. Sherrod*, 631 F.3d 839, 841 (7th Cir. 2011) (cautioning against converting a habeas petition into a civil rights complaint, given that they "differ in a variety of respects — such as the proper defendant, filing fees, the means of collecting them, and restrictions on future filings").

Second, the named respondent in petitioner's habeas petition, the warden, almost certainly would not be the proper defendant in a civil rights action. *See Glaus v. Anderson*, 408 F.3d 382, 389 (7th Cir. 2005) (federal inmate's habeas petition challenging deficient medical care was not amenable to conversion to a civil rights action because inmate had named the warden as the respondent). Petitioner has not named the particular individuals who allegedly closed his administrative complaint.

Third, petitioner appears to be pursuing a theory and seeking remedies that would be unavailable in a converted civil rights action. Petitioner's suit appears to be an action against the warden in her official capacity. But by definition, *Bivens* suits are individual-capacity suits and cannot enjoin official government action. *See Solida v. McKelvey*, 820 F.3d 1090, 1094 (9th Cir. 2016). Nor would petitioner's proposed remedies — reopening his administrative complaint and initiating an investigation of this "widespread" problem — be available in a converted civil rights action. *See id.* (only remedy available in a *Bivens* action is an award of monetary damages from defendants in their individual capacities); *see also Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney plaintiff may not attempt to pursue claim on behalf of others). Although pro se filings must be construed liberally, the mandate of liberal construction does not require the Court to speculate about what allegations petitioner could bring in a

converted civil rights action. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (inmate's habeas petition challenging delayed medical treatment was properly dismissed where conversion to a civil rights action would require the federal court to "conjure allegations on a litigant's behalf," because the inmate "does bear some responsibility for identifying his own claims before the court").

In sum, it would be inappropriate to convert petitioner's habeas petition to a civil rights action under the current circumstances. Should petitioner wish to pursue his claims further, he should do so by filing a separate civil rights complaint that is properly brought under *Bivens*.

For the foregoing reasons, IT IS ORDERED that this action be summarily dismissed without prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: June 26, 2017

*David O. Carter*

DAVID O. CARTER
UNITED STATES DISTRICT JUDGE